UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                      Plaintiff,<br><br>   v.<br><br>JOHN DOES 1-10 using IP address 73.28.34.136,<br><br>                      Defendants. | No. 2:17-cv-01587<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF |

Plaintiff Microsoft Corporation ("Microsoft") files this Complaint against Defendants John Does 1-10 using IP address 73.28.34.136 ("Defendants"), alleging as follows:

### I.    INTRODUCTION

1. This is an action for copyright and trademark infringement of certain copyrights and trademarks associated with Microsoft software. This action arises from the unauthorized copying of Microsoft's copyrighted software and the trademarks displayed in such software.

### II.    PARTIES

2. Microsoft is a Washington corporation with its principal place of business in Redmond, Washington. Microsoft develops, markets, distributes, and licenses computer software, among other products and services.

3. The true identities of Defendants are not presently known to Microsoft. On information and belief, Defendants are in possession or control of the Internet Protocol ("IP")

COMPLAINT – 1
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

address 73.28.34.136 ("the subject IP Address") and have used it to further the unlawful conduct alleged herein.

### III.   JURISDICTION & VENUE

4. The Court has subject matter jurisdiction over Microsoft's claims for copyright and trademark infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendants because they purposefully directed their unlawful activities at Washington, and Microsoft's claims arise from those activities. Defendants activated and attempted to activate at least several thousand copies of Microsoft software, much of which was pirated and unlicensed. During the software activation process, Defendants contacted Microsoft activation servers in Washington at least 9,000 times from 2015 to early 2017, and transmitted detailed information to those servers in order to activate the software. Defendants' contact with Microsoft's activation servers was voluntary, intentional and comprised a routine part of Defendants' installation of software. In addition, Defendants expressly aimed their conduct at Washington because they (1) had actual or constructive knowledge of Microsoft's intellectual property rights (including Microsoft's registered copyrights and trademarks) and Microsoft's residence in Washington where it controls its exclusive rights in its trademarks and copyrights; (2) acted, at a minimum, with willful blindness to, or in reckless disregard of, Microsoft's rights, and in reckless disregard of the likelihood that it was infringing Microsoft's copyrights; and (3) knew or should have known that their conduct would cause harm to Microsoft in Washington, because it is foreseeable that infringement of Microsoft's rights would cause harm likely to be suffered in Washington, the state of its residence, incorporation, and headquarters. *See Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 (9th Cir. 2012).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants are subject to personal jurisdiction in the Western District of Washington. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010). Venue is also

COMPLAINT – 2
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

proper in this district pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington.

7. Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Microsoft resides, (b) the injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

### IV.   FACTS COMMON TO ALL CLAIMS

#### A.   The Global Problem of Software Piracy

8. Software developers lose billions of dollars in annual revenue from software piracy, namely, the unauthorized and unlawful copying, downloading, and distributing of copyrighted and trademarked software and related components. In 2015, the commercial value of pirated software in the United States exceeded $10 billion.

9. One prominent form of software piracy is known as "hard-disk loading," the unauthorized commercial copying and installation of infringing software on devices which are sold in competition with, and typically for lower prices than, devices pre-installed with legally licensed copies of software.

10. Software developers, like Microsoft, are not the only victims of software piracy. Consumers are also victims, as they are often deceived by distributors of pirated software who go to great lengths to make the software appear genuine. These customers may unwittingly expose themselves to security risks associated with the use of pirated software. *See* Federal Bureau of Investigation, *Consumer Alert: Pirated Software May Contain Malware*, Aug. 1, 2013, at https://www.fbi.gov/news/stories/pirated-software-may-contain-malware1 (noting the relatively greater risk that pirated software is infected with malicious software, or "malware," which can be used to record keystrokes and thus capture sensitive information such as user names, passwords, and Social Security numbers).

#### B.   Microsoft's Software and Intellectual Property

11. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on distributable

COMPLAINT – 3
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

media, such as DVDs, or are made available for download through various authorized distribution channels.

12. **Windows 7:** Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 7 ("Windows 7"). Windows 7 is available in a number of different versions including Windows 7 Ultimate, Windows 7 Professional, Windows 7 Home Premium, and Windows 7 Enterprise. Microsoft holds a valid copyright in Windows 7 Ultimate, the most expansive version of Windows 7. As a result, Microsoft's copyright in Windows 7 Ultimate encompasses all other versions of Windows 7. Microsoft's copyright in Windows 7 Ultimate was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 7 Ultimate, bearing the number TX 7-009-361, is attached as Exhibit 1.

13. **Windows 8.1:** Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 8.1 ("Windows 8.1"). Windows 8.1 is available in a number of different versions, each of which includes certain combinations of products, programs, and features. Versions of Windows 8.1 include Windows 8.1, Windows 8.1 Professional, and Windows 8.1 Enterprise. Microsoft holds a valid copyright in Windows 8.1 Professional, the most expansive version of Windows 8.1. As a result, Microsoft's copyright in Windows 8.1 Professional encompasses all other versions of Windows 8.1. Microsoft's copyright in Windows 8.1 Professional was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 8.1 Professional, bearing the number TX 7-740-672, is attached as Exhibit 2.

14. **Windows 10:** Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 10 ("Windows 10"). Windows 10 is available in a number of different versions, each of which includes certain combinations of products, programs, and features. Versions of Windows 10 include Windows 10 and Windows 10 Professional. Microsoft holds a valid copyright in Windows 10 Professional, the most

COMPLAINT – 4
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

expansive version of Windows 10. As a result, Microsoft's copyright in Windows 10 Professional encompasses all other versions of Windows 10. Microsoft's copyright in Windows 10 Professional was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 10 Professional, bearing the number TX 8-058-526, is attached as Exhibit 3.

15. **Office 2013:** Microsoft has developed, advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office 2013 ("Office 2013"). Office 2013 is available in a number of different versions, each of which includes certain combinations of products, programs, and features. Versions of Office 2013 include Office 2013 Professional, Office 2013 Home and Business, and Office 2013 Home and Student. Microsoft holds a valid copyright in Office 2013 Professional Plus, the most expansive version of Office 2013. As a result, Microsoft's copyright in Office 2013 Professional encompasses all other versions of Office 2013. Microsoft's copyright in Office 2013 Professional was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Office 2013 Professional, bearing the number TX 7-649-882, is attached as Exhibit 4.

16. Microsoft has also duly and properly registered a number of trademarks and service marks in the United States Patent and Trademark Office on the Principal Register, including without limitation:

    a) "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

    b) "MICROSOFT (STYLIZED) AND DESIGN, Trademark and Service Mark Registration No. 4,552,363, for computer programs and manuals;

    c) "MICROSOFT DESIGN (COLOR)," Trademark and Service Mark Registration No. 4,560,827, for computer programs and manuals;

    d) "WINDOWS," Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

COMPLAINT – 5
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

e) "FLAG DESIGN TWO (B/W)," Trademark Registration No. 2,738,877, for computer software;

f) "FLAG DESIGN TWO (COLOR)," Trademark Registration No. 2,744,843, for computer software;

g) "FLAG DESIGN 2012," Trademark Registration No.4,400,958, for computer software;

h) "WINDOWS 8 PACKAGING," Trademark Registration No. 4,476,005, for computer operating system software;

i) "WINDOWS STORE TILE," Trademark Registration No. 4,552,497, for operating system software;

j) "VIDEO TILE," Trademark Registration No. 4,412,218, for computer software for downloading and viewing video content;

k) "SPORTS TILE," Trademark Registration No. 4,426,632, for computer software for viewing information and content about sports;

l) "MAPS TILE," Trademark Registration No. 4,415,985, for computer software for mapping and directions;

m) "GAMES TILE," Trademark Registration No. 4,444,995, for computer software enabling access to online games;

n) "CHARM BAR," Trademark Registration No. 4,489,348, for computer software operating system;

o) "CAMERA TILE," Trademark Registration No. 4,415,986, for computer software for accessing and managing camera functions;

p) "MUSIC TILE," Trademark Registration No. 4,426,630, for computer software for downloading and listening to music and other audio content;

q) "MESSAGING TILE," Trademark Registration No. 4,426,631, for computer software for text and multimedia messaging;

COMPLAINT – 6
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

r) "SPORTS TILE," Trademark Registration No. 4,426,632, for computer software for viewing information and content about sports;

s) "MICROSOFT OFFICE," Trademark Registration No. 3,625,391, for computer productivity software;

t) "OFFICE 2012 DESIGN," Trademark Registration No. 4,459,826, for computer productivity software;

u) "OFFICE WITH OFFICE 2012 DESIGN," Trademark Registration No. 4,456,462, for computer productivity software;

v) "ACCESS," Trademark Registration No. 3,238,869, for computer database management software;

w) "ACCESS LAUNCH ICON (2012)," Trademark Registration No. 4,365,955 for computer database management software;

x) "EXCEL," Trademark Registration No. 2,942,050, for computer spreadsheet software;

y) "EXCEL LAUNCH ICON 2012," Trademark and Service Mark Registration No. 4,355,451, for computer software for spreadsheets;

z) "OUTLOOK," Trademark Registration No. 2,188,125, for computer programs for providing enhanced electronic mail and scheduling capabilities;

aa) "OUTLOOK LAUNCH ICON 2012," Trademark Registration No. 4,355,446, for computer programs for providing enhanced electronic mail and scheduling capabilities;

bb) "PUBLISHER LAUNCH ICON 2012," Trademark Registration No. 4,355,448, for desktop publishing software;

cc) "ONENOTE," Trademark Registration No. 2,844,710, for computer software for use in note taking;

dd) "ONENOTE LAUNCH ICON 2012," Trademark Registration No 4,351,584 for computer software for use in note taking;

COMPLAINT – 7
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

ee) "POWERPOINT," Trademark Registration No. 1,475,795, for computer software programs for creating presentations, graphics and videos;

ff) "POWERPOINT LAUNCH ICON 2012," Trademark Registration No. 4,385,388, for computer software programs for creating presentations, graphics and videos;

gg) "WORD LAUNCH ICON 2012," Trademark Registration No. 4,355,444, for word processing software;

True and correct copies of the Trademark Registrations for (a) through (gg) above are attached as Exhibits 5 through 37, respectively.

### C. Microsoft's Distribution Channels for Software

17. Microsoft distributes its software through a number of distribution channels, including the Original Equipment Manufacturer (OEM), volume licensing, subscriptions, and refurbisher channels.

18. The Original Equipment Manufacturer ("OEM") distribution channel is one through which Microsoft software is distributed to computer and device manufacturers called OEMs. OEMs customarily pre-install software on the devices they build including, most commonly, the Microsoft Windows operating system.

19. The OEM distribution channel involves sub-channels that supply Microsoft software to different categories of OEMs. Two of these sub-channels are the Commercial OEM channel and the Direct OEM channel.

20. Through the Commercial OEM ("COEM") channel, Microsoft authorized distributors supply what is called "system builder" software to small and medium-sized OEMs for pre-installation on devices.

21. Through the Direct OEM ("DOEM") channel, Microsoft directly provides software to large computer manufacturers, such as Dell and Lenovo, for pre-installation on devices. The DOEMs acquire some components associated with the Microsoft software from Microsoft Authorized Replicators ("ARs").

COMPLAINT – 8
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

22. In addition to the OEM channel, Microsoft offers a number of subscription programs through which it provides software to qualified subscribers. One example of a subscription program is the Microsoft Developer Network ("MSDN"), which is for individuals and entities that develop third-party software compatible with Microsoft software. MSDN subscribers are able to download certain Microsoft software directly from Microsoft.

23. Microsoft also offers Volume Licensing ("VL") programs for its business customers. Through the VL program, customers purchase licenses for their software and can add, remove, and upgrade their software as their business needs evolve.

### D. Product Activation

24. Like many other software developers, Microsoft has implemented a wide-range of initiatives to protect its customers and combat theft and infringement of its intellectual property. One important element of Microsoft's anti-piracy technology is product activation which involves the activation of software through product activation keys.

25. A Microsoft product activation key is a 25-character alphanumeric string generated by Microsoft and provided to customers and OEMs. When customers and OEMs install Microsoft software on a device, they are required to enter a product activation key. As part of the activation process, customers and, in some cases, OEMs voluntarily contact Microsoft's activation servers over the Internet and transmit their product keys and other technical information about their device to the activation servers. The majority of the activations involved in this matter contacted servers located in Washington.

26. The activation process is analogous to the activation of credit cards or mobile phones with a code provided by the financial institution or the mobile carrier. Because Microsoft's copyrighted software is capable of being installed on an unlimited number of computers, Microsoft relies on the product activation process to detect piracy and protect consumers from the risks of non-genuine software.

27. In the OEM channel, each copy of genuine Microsoft Office Professional 2013, Windows 10, Windows 8.1, and Windows 7 software is distributed with a product key unique to

COMPLAINT – 9
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

that copy of the software—thus, for example, if a customer purchases ten copies of Windows 7, the customer is supplied with ten unique product keys.  For Microsoft's subscription and VL programs, customers are normally supplied a single product key for each version of Microsoft software they license.  For example, subscription and volume licensing customers receive one reusable product key for all Office Professional 2013 licenses authorized under their agreements to install and activate all copies.

28. Product activation works differently in the COEM and DOEM channels.  COEMs use individual product keys to install and, in some cases, activate the software on the devices.  DOEMs, on the other hand, either use a master key or a separate file generated from Microsoft to install Windows software on each device.

### E. Microsoft's Use of Cyberforensics to Combat Piracy

29. In order to combat the global threat of software piracy of its software, Microsoft relies on state-of-the-art technology to detect software piracy called "cyberforensics."

30. Through cyberforensics, Microsoft analyzes activation data voluntarily provided by users when they activate Microsoft software, including the IP address from which a given product is activated.  An IP address is a numerical identifier used to uniquely identify an internet-capable device when the device is connected to the Internet.  An IP address is ordinarily assigned to an internet user (whether an individual or an entity) by the user's Internet Service Provider ("ISP").

31. Entities charged with managing and administering internet numbering resources, including IP addresses, publish information about IP address assignment and registration in publicly-searchable databases.  Akin to an IP address "phone book," these databases can be used to associate each IP address with the individual or entity assigned to use that address.  In some cases, the listed individual or entity is actually using the IP address; in other cases, the listed individual or entity is an ISP who has assigned the IP address to one of its customers.  Thus, in some instances, the identity of the individual or entity associated with a particular IP address is

COMPLAINT – 10
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

publicly available; in other instances, the identity of the individual or entity can only be obtained from the ISP assigned to that IP address.

32. Cyberforensics allows Microsoft to analyze billions of activations of Microsoft software and identify activation patterns and characteristics that make it more likely than not that the IP address associated with the activations is an address through which pirated software is being activated.

**F.      Defendants' Infringing Conduct**

33. Microsoft's cyberforensics have identified that beginning in approximately October 2015 and continuing until at least February 2017, Defendants activated or attempted to active thousands of copies of unlicensed and pirated Microsoft Office Professional 2013, Windows 10, Windows 8.1, and Windows 7 software from the subject IP Address with product keys that were:

   a. used more times than authorized by the applicable software license;

   b. stolen from Microsoft's supply chain; or

   c. used to activate software outside of the region for which they were intended.

34. On information and belief, each of these activations and attempted activations constitutes the unauthorized copying of Microsoft software, in violation of Microsoft's software licenses and its intellectual property rights.

35. On information and belief, Defendants have been and continue to be involved in installing counterfeit and infringing copies of Microsoft's software and/or related components.

36. On information and belief, Defendants have committed and continue to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights, trademarks, and service mark.

COMPLAINT – 11
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## V.   CAUSES OF ACTION

### First Claim
### Copyright Infringement - 17 U.S.C. § 501 *et seq.*

37. Microsoft specifically realleges and incorporates by reference each and every allegation contained in the Complaint as though fully set forth in this Claim.

38. Microsoft is the sole owner of Microsoft Office Professional 2013, Windows 10, Windows 8.1, and Windows 7, and of the corresponding copyrights and Certificates of Registration with the registration numbers listed above.

39. Defendants have infringed Microsoft's copyrights by reproducing Microsoft software in the United States of America without approval or authorization from Microsoft.

40. At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights.

41. As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages and Defendants' profits attributable to the infringement. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

42. The award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

43. Microsoft is further entitled to injunctive relief and an order impounding all infringing materials. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value; (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

### Second Claim
### Trademark Infringement – 15 U.S.C. § 1114

44. Microsoft specifically realleges and incorporates by reference each and every allegation contained in the Complaint as though fully set forth in this Claim

COMPLAINT – 12
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

45. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark with the registration numbers listed above.

46. Microsoft advertises, markets, distributes, and licenses its software and related components under the trademarks and service mark described above and uses these trademarks and service mark to distinguish Microsoft's products from the software and related items of others in the same or related fields.

47. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service marks, they have come to mean, and are understood by customers, end users, and the public to signify, software programs and related components or services of Microsoft.

48. The infringing materials that Defendants have and are continuing to install are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

49. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are installing originate with or are authorized by Microsoft, thereby harming Microsoft, its licensees, and the public.

50. At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered marks.

51. As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117 (a) and (b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

52. Microsoft is further entitled to injunctive relief and an order compelling the impounding of all infringing materials.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Microsoft's trademarks and service mark are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Microsoft's reputation and goodwill such that Microsoft could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or

COMPLAINT – 13
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Microsoft, is continuing.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully prays for the following relief:

A.   That the Court enter judgment in Microsoft's favor on all claims;

B.   That the Court restrain and enjoin Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with it, from:

(i)   copying or making any other infringing use or infringing distribution of Microsoft's software and other intellectual property including but not limited to the software identified by the Trademark, Service Mark, and Copyright Registration Numbers listed above;

(ii)   manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any Microsoft software or other intellectual property bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed above;

(iii)   using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software, component, and/or other item not authorized or licensed by Microsoft;

(iv)   engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

COMPLAINT – 14
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

    (v)  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities listed above;

  C.  That the Court enter an order pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service marks, and any related item, including business records, that are in Defendants' possession or under their control;

  D.  That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, the illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' unlawful activities;

  E.  That Defendants be required to pay all general, special, actual, and statutory damages which Microsoft has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 17 U.S.C. § 504(c) and 15 U.S.C. § 1117(b);

  F.  That Defendants be required to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by Microsoft in prosecuting this action, as provided for by 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

  G.  That the Court grant Microsoft such other, further, and additional relief as the Court deems just and equitable.

COMPLAINT – 15
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    DATED this 25th day of October, 2017.

                                    DAVIS WRIGHT TREMAINE LLP
                                    *Attorneys for Plaintiff Microsoft Corp.*


                                    By  *s/ Bonnie E. MacNaughton*
                                        Bonnie E. MacNaughton, WSBA #36110

                                        *s/ James H. Wendell*
                                        James H. Wendell, WSBA #46489
                                        1201 Third Avenue, Suite 2200
                                        Seattle, WA  98101-3045
                                        Tel: (206) 622-3150
                                        Fax: (206) 757-7700
                                        Email:   bonniemacnaughton@dwt.com
                                                 jamiewendell@dwt.com

COMPLAINT – 16
Case No. 2:17-cv-01587

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax